UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Case No. 21-CR-73 (BAH) |
| v. : | |
| : | |
| NICHOLAS DECARLO and : | |
| NICHOLAS OCHS, : | |
| : | |
| : | |
| Defendants. : | |

## GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION TO TREAT THEIR MOTION UNDER 28 U.S.C. § 2255 AS CONCEDED

The United States of America, by and through its undersigned attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to defendants' "Motion to Treat as Conceded" (ECF No. 114).

Defendants claim that the government has conceded their motion to vacate their convictions under 28 U.S.C. § 2255 ("Section 2255") because the government did not respond to the motion within 14 days. Defendants are wrong. Under Rule 5(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, "[t]he respondent is not required to answer the motion unless a judge so orders."[1] The Court did not order the government to respond to defendants' motion, so no deadline was in place.

The government respectfully requests 45 days to respond to defendants' motion. As the Court is aware, *Fischer* does not automatically invalidate all January 6 convictions under 18 U.S.C. § 1512(c)(2). In *Fischer*, the Supreme Court held that Section 1512(c) does not cover "all means of obstructing, influencing, or impeding any official proceeding." Op. 8. However, *Fischer* did not

---

[1] The rules are available at https://www.uscourts.gov/sites/default/files/rules_governing_section_2254_and_2255_cases_in_the_u.s._district_courts_-_dec_1_2019.pdf

reject the application of § 1512(c)(2) to January 6 prosecutions. Rather, the Court explained that the government must establish that the defendant impaired the availability or integrity for use in an official proceeding of records, documents, objects, or other things used in the proceeding – such as witness testimony or intangible information – or attempted to do so. *Id.* at 9, 16. The Supreme Court remanded the case to the D.C. Circuit for further proceedings. *Id.* The government is still evaluating *Fischer*'s impact on these and other defendants' cases. Responding to defendants' claim that their convictions are invalid after *Fischer* will likely require a detailed, fact-specific review of the evidence and application of the new standard. And before reaching the merits of any Section 2255 claim, moreover, the government (and the Court) must first address threshold issues, including the defendants' procedural default and the fact that they waived the right to collaterally attack their convictions. For these reasons, defendants' Section 2255 motion is not an open-and-shut presentation of a get-out-of-jail-free-card, and the government therefore respectfully requests 45 days to respond.

The Court could also set an earlier deadline for the government to respond to the portion of defendants' motion requesting release. If the Court does so, the government respectfully requests a deadline of August 9 or later.

The government anticipates opposing defendants' request. While the government has conceded that *Fischer* poses a substantial question in some cases where a defendant seeks bond pending appeal, these defendants' collateral attack does not place them in the same posture. Unlike release pending appeal, to obtain release pending habeas review, a defendant must show both that his petition presents a substantial claim of law and that his motion for release is based on "exceptional circumstances deserving of special treatment." *See Meskel v. United States*, No. CRIM.A. 04-0053 (RMU), 2005 WL 1903375, at *2 (D.D.C. July 13, 2005); *see also United States*

2

*v. Young*, 249 F. Supp. 3d 11, 13-14 (D.D.C. 2015) (*quoting United States v. Taylor*, 254 F.3d 1080, 1080 (5th Cir. 2001) ("Release pending disposition of a 28 U.S.C. § 2255 motion will be granted only when the petitioner has raised a substantial constitutional claim upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.")). This is a "stringent" standard. *Meskel*, 2005 WL 1903375, at *2 (*quoting Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)). Accordingly, release from incarceration based upon a pending § 2255 petition is a rare outcome to be imposed only sparingly. *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985) (granting bail pending resolution of a § 2255 proceeding is to be exercised very sparingly); *Meskel*, 2005 WL 1903375, at *2 (quoting *Cherek*). Cases presenting exceptional circumstances "'are typically limited to situations involving the impending completion of short sentences or grave illness.'" *United States v. Stottlemyer*, No. CR 21-334-2 (TJK), 2024 WL 1076852, at *5 (D.D.C. Mar. 8, 2024) (quoting *Meskel*, 2005 WL 1903375, at *2); *see also United States v. Roberts*, 250 F.3d 744 (5th Cir. 2001) (explaining that exceptional circumstances include "serious deterioration of the petitioner's health while incarcerated, short sentences for relatively minor crimes so near completion that extraordinary action is essential to make collateral review truly effective, and extraordinary delay in processing a habeas petition").

      Both prongs of this test may prove difficult for defendants to meet. Here, once confronted with evidence that they had thrown smoke grenades on January 6—evidence that could support multiple other felony charges—Ochs and DeCarlo chose to plead guilty to a single count of Section 1512(c)(2). In exchange for that benefit, the government dismissed the other charges in the case and did not bring new ones, and defendants gave up the right to appeal or collaterally attack their conviction in return. They did so despite ample notice that the application of 18 U.S.C.

§ 1512(c)(2) to January 6 cases was an open question: DeCarlo had moved to dismiss the Section 1512(c)(2) charge, and Judge Nichols had rejected the government's interpretation. *See United States v. Miller,* 589 F. Supp. 60 (D.D.C. 2022). Thus, while *Fischer* may raise a substantial question in some pending appeals, these defendants unambiguously waived their right to file a collateral attack for consideration, and the government may choose to enforce that waiver. *See Khadr v. United States,* 67 F.4th 413, 420 (D.C. Cir. 2023), *cert. denied*, No. 23-720, 2024 WL 2262403 (U.S. May 20, 2024) ("Aware that the [] judge had rejected his theories, he nonetheless chose to plead guilty and expressly waive his right to appeal those erroneous (in his view) rulings. He cannot now have the merits of his waived claims reviewed on appeal by arguing his waiver was invalid because those claims were wrongly decided"); *see also Portis v. United States,* 33 F.4th 331 (6th Cir. 2022) ("[A] future defendant may . . . agree to waive collateral attacks on his conviction no matter what future developments in the law bring"); *Oliver v. United States*, 951 F.3d 841, 845 (7th Cir. 2020) ("one major purpose of an express waiver is to account in advance for unpredicted future developments in the law"); *United States v. Goodall*, 21 F.4th 555, 562 (9th Cir. 2021) ("When a defendant waives his appellate rights, he knows that he is giving up all appeals, no matter what unforeseen events may happen"); *Grzegorczyk v. United States*, 142 S. Ct. 2580, 2580 (2022) (statement of Kavanaugh, J., respecting the denial of certiorari); *see also* Mem. Order, *United States v. Secor,* No. 21-cr-157 (TNM), ECF No. 63, at 6 (noting that January 6 defendant who pled guilty "waived his right to raise any such [Section 2255] motion in exchange for having his remaining charges—including other felonies—dismissed") (D.D.C. July 12, 2024).

   The defendants have also procedurally defaulted; thus, unlike a defendant filing a direct appeal, they must show "actual innocence," assuming they can overcome the collateral attack waiver first. *See Bousley* v. *United States*, 523 U.S. 614, 623-624 (1998). While the government's

4

evaluation of this and other cases is ongoing, the government will likely argue that they have not made that showing, either as to the Section 1512(c)(2) charge and/or as to the multiple other felony charges forgone by the government in connection with this plea. *See id.* Nor have they presented the type of "exceptional circumstances" enumerated in *Stottlemyer*, 2024 WL 1076852 at *5, warranting immediate release.

For the foregoing reasons, the government respectfully requests that the Court deny defendants' motion. The government proposes that the Court set a deadline of September 9, 2024 for the government's response to defendants' Section 2255 motion. The government further requests that any earlier deadline to respond to the defendants' request for release be set for no earlier than August 9, 2024.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
D.C. Bar Number 481052

BY:   */s/ Alexis J. Loeb*
Alexis J. Loeb
Assistant United States Attorney
(Detailed)
CA Bar No. 269895
450 Golden Gate Ave., 11th Floor
San Francisco, CA 94102
415-436-7200
Alexis.loeb@usdoj.gov