**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Criminal Action No. 21-00073 (BAH) |
| NICHOLAS DECARLO and NICHOLAS OCHS, | Judge Beryl A. Howell |
| Defendants. | |

## MEMORANDUM AND ORDER

The United States government moves to dismiss, with prejudice, the nine-count Superseding Indictment, ECF No. 131, against defendants Nicholas DeCarlo and Nicholas Ochs. Gov't's Mot. to Dismiss Second Superseding Indictment with Prejudice Pursuant to Federal Rule Criminal Procedure 48(a) ("Gov't's MTD"), ECF No. 133. These two defendants, by their own admission, engaged in criminal assault against law enforcement officers by throwing smoke bombs at officers, as well as property damage and theft, *see* Statement of Offense of Nicholas DeCarlo providing "factual basis for the defendant's guilty plea" ("DeCarlo SOF") Introduction & ¶¶ 12, 18, 19, ECF No. 79; Statement of Offense of Nicholas Ochs providing "factual basis for the defendant's guilty plea" ("Ochs SOF") Introduction & ¶¶ 13, 19, 20, ECF No. 82, due to their belief in the falsehood disseminated by political leaders, and others, that the 2020 presidential election was "stolen," *see* DeCarlo SOF ¶¶ 10, 21; Ochs SOF ¶¶ 11, 23, when no evidence of any outcome-determinative election fraud has ever been uncovered, let alone confirmed, by any federal, state, or local government agency or in any court of law.

Nevertheless, for the reasons explained below, the government's motion is granted in part and denied in part, and the pending indictment against defendants is dismissed without prejudice.

## I.    BACKGROUND

The two defendants in this case, one of whom founded the Hawaii chapter of the Proud Boys and served as a senior leader of the group, *see* Ochs SOF ¶ 8, both admitted, under oath, with the advice of counsel, and pursuant to plea agreements they voluntarily entered with the government, their criminal conduct at the U.S. Capitol on January 6, 2021. *See* Plea Agreement Nicholas DeCarlo ("DeCarlo Plea"), ECF No. 77; Plea Agreement Nicholas Ochs ("Ochs Plea"), ECF No. 81; DeCarlo SOF; Ochs SOF; Tr. of Plea Hr'g ("Plea Tr."), ECF No. 116. Both men admitted throwing smoke bombs at law enforcement while on the grounds of the Capitol, Plea Tr. at 21:24-22:7, 29:16-30:2; DeCarlo SOF ¶ 12; Ochs SOF ¶ 13. Both men admitted to breaching the Capitol building, Plea Tr. at 22:8-10, 30:6-8; DeCarlo SOF ¶ 13; Ochs SOF ¶ 14; using the Capitol Building to meet up with other members of the Proud Boys while inside the building, DeCarlo SOF ¶ 16; Ochs SOF ¶ 17; defacing the Capitol building, Plea Tr. at 25:23-26:3, 33:11-21; DeCarlo SOF ¶ 18; Ochs SOF ¶ 19; and stealing equipment from law enforcement officers responding to protect the building and its lawful occupants from the rioters, Plea Tr. at 26:11-14, 33:25-34:3; DeCarlo SOF ¶ 19; Ochs SOF ¶ 20.

After defendants both pled guilty to one felony count of obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2), the remaining five charges against each defendant were dismissed. *See* Tr. of Sent'g Hr'g at 81:13-17, ECF No. 110; *see also* Superseding Indictment, ECF No. 68. Defendants each reported to prison, and, in accordance with the waivers in their plea agreements, neither filed a direct appeal. *United States v. DeCarlo*, No. 21-cr-73, 2024 WL 4650993, at *5 (D.D.C. Nov. 1, 2024). In the wake of the Supreme Court's decision in *Fischer v. United States*, 603 U.S. 480 (2024), which limited application of the federal felony obstruction statute to January 6-related conduct and was issued eighteen months after defendants'

sentencing, this Court vacated defendants' felony obstruction convictions, granting their motion pursuant to 28 U.S.C. § 2255, ECF No. 112. *See DeCarlo*, 2024 WL 4650993. Roughly two months later, on January 15, 2025, the government filed the pending Second Superseding Indictment charging defendants with nine federal counts, including seven felonies: Conspiracy to Prevent an Officer from Discharging Any Duties, in violation of 18 U.S.C. § 372; Assaulting, Resisting, or Impeding Certain Officers (with intent to commit a felony), in violation of 18 U.S.C. § 111(a)(1); Assaulting, Resisting, or Impeding Certain Officers using a deadly and dangerous weapon, in violation of 18 U.S.C. § 111(a)(1) and (b); Civil Disorder and Aiding and Abetting, in violation of 18 U.S.C. § 231(a)(3), 2; Destruction of Government Property, in violation of 18 U.S.C. §§ 1361, 2; Theft of Government Property, in violation of 18 U.S.C. §§ 641, 2; Restricted Building or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(1), (b)(1)(A); Disorderly and Disruptive Conduct in a Restricted Buildings or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(2), (b)(1)(A); Act of Physical Violence in a Restricted Buildings or Grounds with a Deadly or Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(4), (b)(1)(A). Second Superseding Indictment, ECF No. 131.

In sum, the current posture of this case is that, even after the defendants' admission of egregious criminal conduct both outside and inside the U.S. Capitol Building on January 6, 2021, and the government expending significant time and resources in identifying defendants, investigating their criminal conduct, filing three separate indictments against defendants, *see* Indictment, ECF No. 17; Superseding Indictment, ECF No. 68; Second Superseding Indictment, ECF No. 131, negotiating and executing plea agreements with defendants, DeCarlo Plea; Ochs Plea, and vigorously contesting their Section 2255 motion at every step, *see* Gov't's Opp'n to Defs.' Mot. to Treat Their Mot. Under 28 U.S.C. § 2255 as Conceded, ECF No. 115; Gov't's

Opp'n to Defs.' Req. for Release Pending Adjudication of their Mot. Under 28 U.S.C. § 2255, ECF No. 117; Gov't's Opp'n to Defs.' Mot. to Vacate Their Convictions Under 28 U.S.C. § 2255, ECF No. 121, the government now seeks to dismiss the pending Second Superseding Indictment against defendants under Federal Rule of Criminal Procedure 48(a), *see* Gov't's MTD.

## II.    DISCUSSION

Courts have limited power when the federal government decides to stop prosecuting a criminal defendant. *See, e.g.*, *Wayte v. United States*, 470 U.S. 598, 607-08 (1985) (recognizing the government's broad prosecutorial discretion); *United States v. Fokker Servs. B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016) (recognizing same prosecutorial discretion in "decisions to dismiss pending criminal charges"). At the same time, the Supreme Court and D.C. Circuit have both recognized that the "leave of court" requirement in Rule 48(a) "obviously vest[s] some discretion in the court." *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977); *United States v. Ammidown*, 497 F.2d 615, 620 (D.C. Cir. 1973) (noting that this rule "gives the court a role in dismissals following indictment"). This discretion is granted in part to "guard[] against abuse of prosecutorial discretion." *Ammidown*, 497 F.2d at 620. To ensure that the government's request for dismissal of criminal charges "sufficiently protects the public," the government may be required to submit "a statement of reasons and underlying factual basis," which must be "substantial" to justify the dismissal and not "a mere conclusory statement." *Id.*

Here, the government's cursory motion provides *no* factual basis for dismissal. Instead, the single paragraph explanation included in the one-page dismissal motion cites "as the reason for this dismissal," only a presidential proclamation "dated January 20, 2025, Granting Pardons and Commutation of Sentences for Certain Offenses Relating to the Events at Or Near the United States Capitol on January 6, 2021." Gov't's MTD at 1. This cited proclamation, *inter alia*, directs

4

the Attorney General "to pursue [the] dismissal with prejudice to the government of all pending indictments against individuals for their conduct related to the events at or near the United States Capitol on January 6, 2021." *See* PROCLAMATION, (Jan. 20, 2025) (capitalization in original), available at https://www.whitehouse.gov/presidential-actions/2025/01/granting-pardons-and-commutation-of-sentences-for-certain-offenses-relating-to-the-events-at-or-near-the-united-states-capitol-on-january-6-2021/.  The only reason provided for this instruction, as set out in the Proclamation's introduction, is the assertion that this action "ends a grave national injustice that has been perpetrated upon the American people over the last four years and begins a process of national reconciliation." *Id.*

No "national injustice" occurred here, just as no outcome-determinative election fraud occurred in the 2020 presidential election.  No "process of national reconciliation" can begin when poor losers, whose preferred candidate loses an election, are glorified for disrupting a constitutionally mandated proceeding in Congress and doing so with impunity.  That merely raises the dangerous specter of future lawless conduct by other poor losers and undermines the rule of law.  Yet, this presidential pronouncement of a "national injustice" is the sole justification provided in the government's motion to dismiss the pending indictment.  *See* Gov't's MTD.

Having presided over scores of criminal cases charging defendants for their criminal conduct both outside and inside the U.S. Capitol Building on January 6, 2021, which charges were fully supported by evidence in the form of extensive videotapes and photographs, admissions by defendants in the course of plea hearings and in testimony at trials, and the testimony of law enforcement officers and congressional staff present at the Capitol on that day, this Court cannot let stand the revisionist myth relayed in this presidential pronouncement.  The prosecutions in this case and others charging defendants for their criminal conduct at the U.S. Capitol on January 6,

2021, present no injustice, but instead reflect the diligent work of conscientious public servants, including prosecutors and law enforcement officials, and dedicated defense attorneys, to defend our democracy and rights and preserve our long tradition of peaceful transfers of power—which, until January 6, 2021, served as a model to the world—all while affording those charged every protection guaranteed by our Constitution and the criminal justice system.  As to these two defendants specifically, both ***admitted*** their criminal conduct under oath, after consultation with their attorneys, and pursuant to plea agreements to which they agreed.  Bluntly put, the assertion offered in the presidential pronouncement for the pending motion to dismiss is flatly wrong.

Still, the D.C. Circuit has cautioned that a district court judge has "no power" "to deny a prosecutor's Rule 48(a) motion to dismiss charges based on a disagreement with the prosecution's exercise of charging authority."  *Fokker*, 818 F.3d at 742; *id.* at 737 ("It has long been settled that the Judiciary generally lacks authority to second-guess those Executive determinations, much less to impose its own charging preferences.").  Despite finding that the sole reason relied upon by the government to dismiss the charges in this case—*i.e.*, an incorrect assertion in the presidential proclamation—is neither substantial nor factually correct, the government's view of the public interest does not clearly fall within the types of reasons found to provide legitimate grounds to deny the government Rule 48(a) motion to dismiss charges.  *See United States v. Flynn*, 507 F. Supp. 3d 116, 130-31 (D.D.C. 2020) (collecting examples where a government motion to dismiss should be denied as not serving "legitimate prosecutorial interests," because the motion "was a sham or deception," "was based on 'acceptance of a bribe, personal dislike of the victim, and dissatisfaction with the jury impaneled,'" or was meant to favor "politically well-connected individuals" (citations omitted)).  Therefore, the government's motion to dismiss the indictment is GRANTED.

Nothing about the government's reasoning for dismissal warrants entry of dismissal with prejudice, however. Dismissal with prejudice is a complete adjudication of the matter and would bar any further prosecution of defendants for their offense conduct at issue. *See Bd. of Trs. of the Hotel & Rest. Emps. Local 25 v. Madison Hotel, Inc.*, 97 F.3d 1479, 1489 n.20 (D.C. Cir. 1996); *Brown v. Amtrak Corp.*, No. 03-7003, 2003 WL 22433755, at *1 (D.C. Cir. Oct. 27, 2023) ("A dismissal 'with prejudice' is a final judgment on the merits which bars further litigation between the same parties." (citing *Madison Hotel*, 97 F.3d at 1489 n.20)); *Reed v. Farley*, 512 U.S. 339, 368 (1994) (Blackmun, J., dissenting) ("The dismissal with prejudice of criminal charges is a remedy rarely seen in criminal law, even for constitutional violations."). This result would be improper here, particularly when defendants' own admissions of criminal conduct, including throwing smoke bombs at law enforcement officers who were trying valiantly to prevent rioters from entering the Capitol Building, provides ample basis for criminal prosecution. *See also Thorp v. District of Columbia*, 142 F. Supp. 3d 132, 145 (D.D.C. 2015) (noting that dismissal with prejudice "reflect[s] on the merits of the underlying action" (quoting *Brown v. Carr*, 503 A.2d 1241, 1245 (D.C. Cir. 1986), and citing *Kenley v. District of Columbia*, 83 F. Supp. 3d 20, 42 (D.D.C. 2015)). Instead, the government's reliance on a policy assertion made in the presidential proclamation that such prosecutions should not be continued warrants only "render[ing] the proceedings a nullity and leav[ing] the parties as if the action had never been brought," *Magliore v. Brooks*, 844 F. Supp. 2d 38, 46 (D.D.C. 2012) (quoting *Thoubboron*, 809 A.2d at 1210), which is achieved by granting the government's motion to dismiss *without* prejudice, *see id.*

## III.     CONCLUSION AND ORDER

For the reasons above, the government's motion to dismiss, ECF No. 133, is granted to the extent that the Second Superseding Indictment, ECF No. 131, against defendants is dismissed, but denied as to the request that this dismissal be "with prejudice."  Accordingly, it is hereby—

**ORDERED** that the Second Superseding Indictment against defendants, ECF No. 131, is dismissed without prejudice; it is further

**ORDERED** that the status conference scheduled for January 24, 2025, is **VACATED**; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

Date:  January 22, 2025

_____
**BERYL A. HOWELL**
United States District Judge