IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 21-73 (BAH) |
| NICHOLAS OCHS ) | |
| ) | |
| Defendant. ) | |
| ) | |

**UNOPPOSED MOTION FOR RETURN OF
RESTITUTION, FINES, AND FEES**

Defendant Nicholas Ochs, through undersigned counsel, respectfully moves this Court for an Order directing the government to return all fines, fees, and restitution payments Mr. Ochs has made in this case. Assistant United States Attorney Jason McCullough has indicated that the government does not oppose this motion. In support of this motion, Mr. Ochs submits the following.

**BACKGROUND**

On February 4, 2021, a grand jury returned an indictment against Mr. Ochs charging him with Conspiracy, in violation of 18 U.S.C. §371, Obstruction of an Official Proceeding, in violation of 18 U.S.C. §1512©(2), Destruction of Government Property, in violation of 18 U.S.C. §§ 1361,2, Theft of Government Property, in violation of 18 U.S.C. §§641,2, Entering a Restricted Building, in violation of 18 U.S.C. §1742(a)(1) and Aiding and Abetting under 18 U.S.C. §2.  On September 9, 2022, Mr. Ochs entered a guilty plea to Obstruction of an Official Proceeding.  He was sentenced to a term of 48 month of incarceration and ordered to pay a fine of $5000

and restitution in the amount of $2,000. On January 21, 2025, the government filed a Motion to Dismiss. On January 22, 2025, the Court granted the motion in part, but also denied it in part. The government dismissed the remaining counts later that day.

On January 22, 2025, while Mr. Ochs's case was still pending, President Donald J. Trump issued a Proclamation "Granting Pardons and Commutations of Sentences for Certain Offenses Relating to the Events at or Near the United States Capitol on January 6, 2021." Mr. Ochs was thereby free from his charges and immediately released from imprisonment.

## ARGUMENT

The dismissal vacating Mr. Ochs's convictions and the subsequent dismissal of his case for dismissal requires the government to refund all restitution, fines, and special assessments Mr. Ochs previously paid.

"When a criminal conviction is invalidated by a reviewing court and no retrial will occur, . . . the State [is] obliged to refund fees, court costs, and restitution exacted from the defendant upon, and as a consequence of, the conviction[.]" *Nelson v. Colorado,* 581 U.S. 128, 130 (2017). *Nelson* involved two criminal defendants who sought to recover the costs, fees and restitution that had been imposed as part of their original criminal convictions. *Id.* at 131. Both convictions were reversed on appeal, one defendant was acquitted on retrial, and the state declined to retry the other

2

defendant. *Id*. The Supreme Court ruled that, as a matter of due process, "once [the defendants'] convictions were erased, the presumption of their innocence was restored," and the state "may not presume a person, adjudged guilty of no crime, nonetheless guilty *enough* for monetary exactions," including costs, fees, and restitution. *Id*. at 135-36 (emphasis in original). Moreover, because such defendants "are entitled to be presumed innocent," they "should not be saddled with any proof burden" to get their money back. *Id*. at 137.

Under *Nelson*, so long as 1) a reviewing court has invalidated a defendant's convictions, and 2) no retrial will occur, that defendant is entitled to a refund of restitution, fines, and fees without any further showing. *Id*. at 130.

Both criteria are met here. First, the District Court "invalidated" Mr. Ochs' convictions when it granted the government's motion to vacate them and remanded this case for dismissal.  ECF No. 134. *See United States v. Brooks*, Appeal No. 24-3123, Doc. No. 2107283 (Order); *see also United States v. Schaffer*, 240 F.3d 35 (D.C. Cir. 2001) (where "the appeals process was terminated prematurely," "[f]inal judgment [was] never . . . reached on" defendant's convictions and they are no longer "established as a matter of law.").

Second, by moving for vacatur of Mr. Ochs' convictions and dismissal, the government has made clear that it will not seek retrial. *United States v. Ochs*, 21-cr-73 (BAH) 1/22/2005; ECF No, 133. Moreover, this Court, in effect, has granted the government's motion by granting the government's Motion in part and acceding to

3

the government's dismissal.  And in any event, the language in the presidential pardon proclamation would prohibit retrial. *See United States v. Scott,* 437 U.S. 82, 87 (1978) (recognizing constitutional prohibition against double jeopardy originates "in the three common-law pleas of *autrefois acquit, autrefois convict,* and pardon," which "prevent[] the retrial of a person who had previously been acquitted, convicted, or pardoned for the same offense.").

Thus, because there is no valid conviction in this matter, there is no authority for denying the return of restitution, fines, and special assessments Mr. Ochs previously paid. *See, e.g.*, *United States v. Libous*, 858 F.3d 64, 69 (2d Cir. 2017) ("If Libous's conviction is to be vacated and his indictment dismissed, as our precedents require, then his estate is entitled to the return of the fine."); *United States v. Ajrawat*, 738 F. App'x 136, 139 (4th Cir. 2018) ("When the underlying conviction is invalidated—regardless of the reason—there is no longer any basis justifying the government's retaining funds exacted only as a result of that conviction.")

For these reasons, and any others that may be apparent to the Court, Mr. Ochs requests that the Court order the government and/or the Clerk of Court to refund his payments of $1400 in restitution, fines, and special assessments.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/
_____
EUGENE OHM
Assistant Federal Public Defender
625 Indiana Avenue, N.W., Suite 550
Washington, D.C. 20004
(202) 208-7500

5